# Exhibit 2

IN THE DISTRICT COURT FOR THE STATE OF
OKLAHOMA, CLEVELAND COUNTY

Anne Andreassen,
Plaintiff,

v.

Health Care Service Corporation,
a Mutual Legal Reserve Company
(operating as Blue Cross Blue
Shield of Oklahoma),
Defendant.

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED

MAY 09 2025

In the office of the
Court Clerk MARILYN WILLIAMS

Case No. CJ-469

CJ-2025-769

## PETITION

Plaintiff, for her causes of action, alleges and states:

1. This is an action brought pursuant to 29 U.S.C § 1001, et. seq. (ERISA).

2. Defendant Health Care Services Corporation (HCSC) is headquartered in Chicago, Illinois, and issues and administers health care plans in several states, including Oklahoma; the employee welfare benefit plan (Plan) at issue in this lawsuit are operated by HCSC under the name Blue Cross Blue Shield of Oklahoma. HCSC has significant contacts in this state/county.

3. Plaintiff is a citizen of Cleveland County, Oklahoma.

4. The Court thus has jurisdiction pursuant to ERISA.

5. Defendant Health Care Services Corporation (HCSC) has violated its legal and benefit Plan-based duties to Plaintiff by refusing to pay certain health care benefit claims incurred by Plaintiff, and by rendering an

1

**EXHIBIT 2**

administrative appeal impossible by refusing to disclose, among other things, any information relating to the basis or justification for Defendant's denial of covered medical claims.

6.     At relevant times, Plaintiff was covered by an employee welfare benefit policy interchangeably referred to as the plan or the policy (the Plan) issued and administered by defendant HCSC[1]. The Plan provides for Defendant to pay for medical care and treatment (hereafter "benefits").

7.     Under the terms of the policy, Defendant administered claims under the Plan and retained the sole authority to grant or deny benefits to applicants and to communicate claims and appeals decisions and information about these matters to Plan participants.

8.     Defendant funds the Plan benefits.

9.     Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, thus Defendant has an inherent conflict of interest.

10.    Due to the conflict of interest described above, this Court should consider Defendant's decision to deny benefits as an important factor during its review in determining the propriety of Defendant's denial of Plaintiff's benefits.

11. Additionally, the court should review the benefit decisions at issue under the *de novo* standard of review due to numerous procedural irregularities

---

[1] Blue Choice Platinum PPO 208. Group # Y00588. Member ID YUP 835024449.

that compromised and prejudiced Plaintiff's right to a full and fair review as required under ERISA.

12. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish benefits and provide information to Plaintiff upon request according to the terms of the Plan and as mandated by ERISA.

## FIRST CAUSE OF ACTION

13. Defendant denied and/or improperly discounted claims under the Plan for numerous procedures which were a medically necessary part of Plaintiff's cancer treatment (Plaintiff has had a recurrence of cancer after previous treatment in 2019-2022). Subsequent to the denials, Plaintiff attempted to comply with all relevant administrative procedures regarding claims and administrative appellate requirements. Defendant's denial of benefits was in violation of relevant legal standards of review. Moreover, defendant's refusal to provide information critical to obtaining a full and fair review renders any attempt to present an administrative appeal futile, and thus Plaintiff's administrative appellate requirements common to ERISA claims should be deemed exhausted and ripe for this court's review, consistent long-standing ERISA jurisprudence.

14. Specific plan provisions at issue in this matter include, but are not necessarily limited to, the following: the Plan covers medically necessary claims; the claims at issue were submitted pursuant to the direction of Plaintiff's physicians, and were medically necessary. Examples of services

the Plan covers for the claims at issue are surgical/medical services, hospital services, outpatient diagnostic, therapy, radiographic, radiological and infusion services. Plaintiff's claims for services under these and other provisions were denied or excessively discounted. Some of the claims were denied based on pretextual coding errors, but Defendant has refused to provide any explanation (or information at all) as to the basis (or remedy) for any supposed coding errors.

15. Defendant's denial of benefits is contrary to the Plan's express provisions and constitutes an abuse of discretion as well as a breach of Defendant's fiduciary and other ERISA-imposed duties owed to Plaintiff.

16. Prior to filing this action, Plaintiff attempted to exhaust her administrative remedies but Defendant's refusal to provide any information in response to Plaintiff's lawful requests, makes the assertion of an appeal futile[2]; as such, this action is timely filed.

17. As a result of defendant's actions, Plaintiff has been damaged in the amount of accrued and accruing benefits; Plaintiff has also incurred legal costs and attorney's fees.

---

[2] It is impossible for Plaintiff to properly appeal the decisions since Defendant has refused to provide information which would demonstrate why the claims were denied, the rationale for the denials, what are Defendants claim guidelines, who was involved in the decisions and what is the stated basis for denying claims, etc.

4

## SECOND CAUSE OF ACTION

18. On January 13, 2025, Plaintiff sent her original request for information, pursuant to 29 U.S.C § 1132 (c)(1)(B) and 29 C.F.R. § 2560.503-1 (g) and/or (h) to defendant, accompanied by Defendant's proprietary request for information form, counsel's standard designation of representation form and a release for protected health information. **Exhibit 1.** In her January 13, 2025 letter, Plaintiff requested that Defendant provide a copy of all claims and benefit information pursuant to ERISA statutes and regulations, so that Plaintiff could review the basis or bases of Defendant's denial and submit an appeal so as to obtain a full and fair review as required by law.

20. Defendant responded with some document production on February 2, 2025; the documents came with a letter of transmittal indicating compliance with the request, but the documents provided were entirely non-responsive to the requests for information. The documents provided only covered previously litigated claims, all relating to a previous lawsuit between the parties that was resolved by agreement in October 2022, after extended litigation in which Plaintiff had to sue Defendant for her first round of cancer treatment benefits from 2019- 2022[3]. All claims in the instant case were incurred from 2023-forward.

---

[3] Civ-21-313-SLP, in the United States District Court for the Western District of Oklahoma. The case was resolved by agreement of the parties in October 2022.

5

21. After discovering Defendant's error, Plaintiff wrote to BCBS on February 24, 2025, advising Defendant and requesting immediate compliance with the overdue request. **Exhibit 2.** From that time forward, Defendant has completely ignored Plaintiff's attempts to gain compliance with ERISA's disclosure mandates, despite further written requests dated March 13, 2025 and April 7, 2025. **Exhibits 3 & 4.** In the final letters (Exhibits 3 & 4), Plaintiff advised BCBS that if the request was again ignored any attempts at appeal were clearly futile, and Plaintiff would have no choice but to file suit. This was ignored.

22. Defendant has been delegated and/or assumed all duties of the plan administrator with the exception of premium payment and other minor administrative duties. This delegation is evidenced by Defendant's express procedures outlined in Defendant's benefit Plan, as well as Defendant's claim handling processes, and the fact that the Plan Administrator (Plaintiff's employer) has no access to any of the information relating to claims and claim handling. This delegation is also evidenced in part in Defendant's group administration document(s), which form(s) part of the express agreement for coverage between Defendant and the relevant employee benefit plan administrator and/or sponsor. Further, by the plain terms of the contract between Defendant and the plan sponsor (Plaintiff's spouse's employer) Defendant is the sole custodian of all information requested by Plaintiff and has explicitly assumed the duty of retaining and disseminating

claim information and decision-making documents. Defendant also chooses and applies standards for claim analysis and payment (sometimes referred to in the industry as "claims guidelines" or words to that effect). These duties, were both expressly and implicitly delegated to and/or assumed by Defendant, and include duties of disclosure as discussed in the following paragraph.

23.     Defendant was under a duty to respond to Plaintiff's requests within 30 days pursuant to 29 U.S.C § 1132 (c)(1)(B) and 29 C.F.R. § 2560.503-1 (g)(B)(h)(2) and specifically subsection (iii) therein which mandates that "a claimant shall be provided...all documents, records and other information relevant to a claim for benefits". These items are defined at paragraph (m)(8) of the referenced section as any items "relied upon in making the determination as well as documents submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relied upon in making the benefit determination."

24.     Defendant's failure to respond has prejudiced Plaintiff, rendering any timely administrative appeal futile and causing additional damages in the form of incurred attorney's fees, delay in payment, incurring out of pocket medical costs and legal costs.

## PRAYERS FOR RELIEF

Plaintiff prays for relief as follows:

25. A declaration that Defendant breached its fiduciary duties under ERISA by denying medically necessary care, which was covered by the plan;

26. An order requiring Defendant to pay extant claims and to reimburse all Plaintiff her out of pocket treatment costs arising from Defendant's violations of ERISA;

27. An order granting equitable restitution and other appropriate equitable monetary relief against Defendant;

28. An order finding that defendant failure to comply with ERISA's mandatory disclosure requirements renders an administrative appeal futile, and finding that the correct standard for judicial review is *de novo*;

29. An order requiring defendant to provide Plaintiff all documentation requested in Plaintiff's requests for information in an organized and indexed format prior to the parties briefing this matter on the merits;

30. Award plaintiff statutory damages pursuant to 29 U.S.C § 1132 (c)(1)(B) as amended by 29 C.F.R. § 2575.502 (c)(1);

31. An award of all other appropriate and equitable relief under ERISA, including but not limited to 29 U.S.C §1132 (a)(1)(b) and/or (a)(3), and costs, interest and attorney's fees.

Respectfully Submitted,

/s/ Roy S. Dickinson
Roy S. Dickinson, OBA #13266
1408 Winding Ridge Rd.
Norman, OK 73072
(405) 321-3288
(405) 701-5708 (fax)
roydickinson@dickinsonlegal.com

ROY S. DICKINSON, P.C.
ATTORNEY AT LAW

January 13, 2024

Appeals Coordinator
BCBSOK
P.O. Box 655924
Dallas, TX 75265-5924

-and to-

ERISA Plan Administrator
Dutcher & Co.
100 N. Broadway
Oklahoma City, OK 73102

1408
Winding Ridge Rd.

Norman,

Oklahoma

73072

Re: Anne Andreassen
Group ID 000Y00588
Member ID: xxxxxxxx4449
All medical claims from 4/1/2024 to present, and ongoing[1].

To all concerned:

I represent your insured. I have attached her designation of representative, BCBS PHI form, and Hippa release.

I hereby request true copies of my client's Employee Welfare Benefit Plan, Plan summary, Plan certificate, and **entire** claims file and all relevant guidelines. This should include, but not be limited to, all medical information upon which your adverse benefit decisions were based, as well as identification of medical personnel involved in your decision, including all correspondence, CV(s), and compensation provided said personnel. Finally, a copy of all relevant claims and appeal guidelines, and all documents regarding contracting and non-contracting "Allowable Charge[s]" including schedules, lists, formulae, and payment guidelines are requested. All these items are required to be disclosed. **This request includes the Plan—since BCBSOK's**

---

[1] Ms. Andreassen is undergoing cancer treatment, and a number of claims are still pending, or are yet to be incurred. The request is for all claims from April 1, 2024 to present including but not limited to known claim numbers: 02024366556V5040H, 0202435455608V20H, 020243495557N810H, 02024346552D3360H, 0202434255A86900H, 0202434255A79610H, 02024341558660S0H, 020243375004W880X, 02024318502N0580X, 020241835037N790X, 020241805027W670X, 020241025065S140X, 0202417950031S010X, 0202411650C63530X, 0202409750W38690X, 0202409550X49940X, 0202409450K82480X, 0202405950099Y50X, 0202405450405D60X, 02023351503746J0X, 02023348507X6590X, 02023334503F7720X, 02023334503F7720X, and 43375004W880X

P:(405) 321-3288  F:(405) 973-2204
roydickinson@dickinsonlegal.com


EXHIBIT
1

claims decisions, of necessity, involve the application and interpretation of Plan language.

I am entitled to all requested information pursuant to 29 C.F.R. § 2560.503-1 (g) and/or (h). Relevant subsections mandate that and specifically subsection mandate that "a claimant shall be provided...all documents, records and other information relevant to a claim for benefits". These items are defined at paragraph (m)(8) of the referenced section as any items "relied upon in making the determination as well as documents submitted, considered or generated in the course of making the benefit determination, without regard to whether such document, record or other information was relied upon in making the benefit determination." In other words, send me everything relating to the claim and handling of the claim.

It should be noted that the benefit decisions received so far, while adverse, do not comply with ERISA's mandatory disclosure requirements for adverse benefit decisions. Plaintiff therefore contends that any administrative appeal deadlines have not yet been triggered. Proper disclosures are thus requested at this time so that Ms. Andreassen may properly appeal your benefit decisions.

This request is made pursuant to ERISA, 29 U.S.C. §§ 1001, et. seq.

Very truly yours,

Roy Dickinson
cc: client

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient name: Anne Andreassen

Date of Birth: 8/22/1969

1. I authorize to use or disclose the above named individual's health information as described below:
2. The following individual or organization is authorized to make the disclosure:

Address 4503 Chukkar Ct., Norman, OK 73072

3. The type and amount of the information to be used or disclosed is as follows:

All medical records of any type.

4. I understand that the information in my health record may include information relating to sexually transmitted and/or communicable, non-communicable or venereal disease, including hepatitis, syphilis, gonorrhea, acquired immunodeficiency virus (HIV) also known as Acquired immune deficiency syndrome (AIDS). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by the following individual or organization :

Roy S. Dickinson, P.C., 1408 Winding Ridge Road, Norman, OK 73072, for the purpose of litigation and or/potential litigation.

6. I understand that I have the right to revoke this authorization at anytime. I understand if I revoke this authorization I must do so in writing and resent my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: six months beyond the date of this authorization. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

Signature of Patient or Legal Representative

*Anne E Andreassen*

Date 1/9/25

If Signed by Legal Representative, Relationship to Patient: Mother

Signature of Witness

*[signature]*

**BlueCross BlueShield of Oklahoma**

## Request to Access Protected Health Information (PHI)

Use this form to request a copy of your PHI in a Designated Record Set that Blue Cross and Blue Shield of Oklahoma or one of its Business Associate maintains. If you need assistance completing the form, contact the Customer Service number listed on the back of your Member Identification Card. You must complete all the fields on this form.

WHEN COMPLETED AND SIGNED PLEASE MAIL TO: Blue Cross and Blue Shield of Oklahoma
P.O. Box 805106
Chicago, IL 60680-4112

**Section A:** The individual for whom access is being requested. Please complete the following:

Name: Anne E. Andreassen
Social Security Number: 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
Date of Birth: 8/22/69
Group #: Y00588
Identification\Subscriber #: YUP835024449
Address: 4503 Chukkar Ct.
City: Norman
State: OK
ZIP: 73072
Area Code & Telephone Number: 405-701-0801

**Section B:** Please place an "X" in the box next to the records you wish to inspect or obtain a copy of and indicate specific dates:

Enrollment Records:
☒ Application/Underwriting/Attending Physician Statement Record — From: 1/1/19 To: 1/1/30
☒ Premium Payment/Billing History (if applicable) — From: 1/1/19 To: 1/1/30

Health Records:
☒ Medical — From: 1/1/19 To: 1/1/30
☐ Dental
☒ Prescription Drugs — From: 1/1/19 To: 1/1/30
☐ Vision
☐ Mental Health

This Request CANNOT be used to disclose Psychotherapy Notes.

**Section C:** By placing an "X" in the appropriate boxes below please indicate who and in which format/manner you wish to receive/review your information.

Send my PHI to: (select only one)
☐ Me
☒ Designated Third Party: I request that Blue Cross and Blue Shield of Oklahoma send my PHI as specified in Section B above directly to the designated third party listed below.

Name: Roy Dickinson
Address: 1408 Winding Ridge Rd,
City: Norman
State: OK
ZIP: 73072
Phone Number: 405-973-2204

Format/Manner: (select only one)
☒ Send electronic copy. Note: Information will be sent to the email address provided below via secured (encrypted) email unless otherwise specified. Email address: roydickinson@dickinsonlegal.com
☐ Send paper copy of information via US Mail.
☐ View in person. I understand that I or my designee will be contacted to arrange for this.

**Section D:** Signature - This document must be signed by the individual, parent of minor child or the individual's Personal Representative.

I request that Blue Cross and Blue Shield of Oklahoma provide access to my PHI as specified. I understand that I can only sign on behalf of a minor child under the age of 18, unless there is proof of legal guardianship.

Signature: Anne E Andreassen
Date: 1/9/25

**Section E:** If Section D is signed by a Personal Representative, please complete the information below:
If you are signing as a Power of Attorney, Legal Guardian, Executor or Administrator, please attach a copy of the legal documents. You do NOT have to attach copies of these documents if they are already on file with Blue Cross and Blue Shield of Oklahoma.

Personal Representative's Name:
Relationship to Individual:
Personal Representative's Address:
City:
State:
ZIP:
Personal Representative's Area Code & Telephone Number:
Personal Representative's E-mail Address (if available):

Any changes to the format, content or branding of this form are strictly prohibited without review and approval of the HCSC Privacy Office. Please contact the Privacy Office with any change requests.

Rev. 11/01/16 - HCSC Privacy Office

Access Request Form - OK

A Division of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

OFSUPDF
20201112 000032

## Designation of Representative/communication with my attorney:

The undersigned participant in a Blue Cross Blue Shield employee welfare benefit plan advises that Roy S. Dickinson is my attorney and designated representative and I authorize any plan representative, administrator, claims personnel and/or fiduciary to discuss, respond to requests for information, and negotiate with my attorney regarding any aspect of the Plan including but not limited to claims, enrollment and benefits.

Signed December 31, 2024

*Anne E Andreassen*
Anne Andreassen

ROY S. DICKINSON, P.C.
ATTORNEY AT LAW

February 24, 2025

Appeals Coordinator
BCBSOK
P.O. Box 655924
Dallas, TX 75265-5924

-and to-

ERISA Plan Administrator
Dutcher & Co.
100 N. Broadway Ste. 2110
Oklahoma City, OK 73102

Re: Anne Andreassen
Group ID 000Y00588
Member ID: xxxxxxxx4449
All medical claims from 4/1/2024 to present, and ongoing.

To all concerned:

I recently received files from you purporting to be the entire claims file for numerous claims, which are itemized in my request for information dated January 23, 2025[1]. The files I was given are almost entirely non-responsive to the request, and appear to largely relate to claims which were subject to litigation in USDC WDOK case # Civ-21-313-SLP or to non-related medical care predating 2024. All claims at issue are related to Ms. Andreassen's recurrence of cancer in 2024.

Moreover, you did not provide a number of other items critical to a proper analysis of the claim denials and also so that I may determine relevant dates for appeal(s) and other procedural deadlines. This is prejudicial to my client's right to a full and fair review. I insist that you stay all appellate deadlines until you have fully complied with my request.

Finally it should be noted that the Plan Administrator in this case, a small, family-owned business, has zero control, access or knowledge regarding the documents at issue. In my opinion, compliance with the mandatory disclosure requirement, and

---

[1] Ms. Andreassen is undergoing cancer treatment, and a number of claims are still pending, or are yet to be incurred. The request is for all claims from April 1, 2024 to present including but not limited to known claim numbers: 02024366556V5040H, 0202435455608V20H, 020243495557N810H, 02024346552D3360H, 0202434255A86900H, 0202434255A79610H, 02024341558660S0H, 020243375004W880X, 02024318502N0580X, 020241835037N790X, 020241805027W670X, 020241025065S140X, 020241795031S010X, 0202411650C63530X, 0202409750W38690X, 0202409550X49940X, 0202409450K82480X, 0202405950099Y50X, 0202405450405D60X, 02023351503746J0X, 02023348507X6590X, 02023334503F7720X, 02023334503F7720X, and 43375004W880X

1408
Winding Ridge Rd.

Norman,

Oklahoma

73072

P:(405) 321-3288  F:(405) 973-2204
roydickinson@dickinsonlegal.com



attendant fines for non-compliance, are solely the responsibility of Blue Cross Blue Shield under the unique facts of this case.

The law is clear that a full response to this information must be provided within 30 days of a proper request. You have had your proper request. Immediately provide all responsive documents.

Very truly yours,

Roy Dickinson
cc: client

ROY S. DICKINSON, P.C.
ATTORNEY AT LAW

March 13, 2025

Appeals Coordinator
BCBSOK
P.O. Box 655924
Dallas, TX 75265-5924

Re: Anne Andreassen
Group ID 000Y00588
Member ID: xxxxxxxx4449
All medical claims from 4/1/2024 to present, and ongoing

To all concerned:

I am still awaiting your overdue response to my requests for information. This unnecessary delay is prejudicial to our right to a full and fair review. I enclose the letter from the Plan Administrator regarding my initial information, which should be included in the administrative record.

The law is clear that a full response to this information must be provided within 30 days of a proper request. If you do not fully respond right away, I will have no choice but to commence suit, as the administrative process may be deemed exhausted by your non-compliance.

Very truly yours,

Roy Dickinson
cc: client

1408 Winding Ridge Rd, Norman, Oklahoma 73072

P:(405) 321-3288   F:(405) 973-2204
roydickinson@dickinsonlegal.com

EXHIBIT 3

# DUTCHER & COMPANY

February 24, 2025

Roy S. Dickinson, P.C.
ATTN: Roy Dickinson
1408 Windng Ridge Rd
Norman, OK 73072

Re: Anne Andreassen
    Medical Claim Forms

Dear Sir:

I am writing in response to your request for claim information. Please note that Dutcher & Company, Inc. does not have any information on file or access to medical claims submitted by Anne Andreassen to BCBSOK or any decisions related to such claims.

If you need anything further or have any questions, please do not hesitate to contact me at (405) 235-6664 ext 132 or travis@dutcherco.com.

Sincerely,

Travis L. Williams
Vice President of Accounting

**ROY S. DICKINSON, P.C.**
ATTORNEY AT LAW

April 7, 2025

Appeals Coordinator
BCBSOK
P.O. Box 655924
Dallas, TX 75265-5924
Via Mail and Fax: (888) 235-2936 ✓

-and-

Blue Cross Blue Shield of Oklahoma ✓
P.O. Box 3283
Tulsa, OK 74102
Via Mail and Fax: (918) 551-2011 ✓

Re: Anne Andreassen
Group ID 000Y00588
Member ID: xxxxxxxx4449
All medical claims from 4/1/2024 to present, and ongoing

To all concerned:

This is my fourth, and final, attempt to have my request for information of January 13, 2025 properly addressed. I am still awaiting your overdue response to my requests for information. This unnecessary delay is prejudicial to our right to a full and fair review.

**NOTE:** If I do not have a fully compliant response, or an immediate response regarding this correspondence, I will file a lawsuit in Federal Court addressing your non-compliance and the substantive issues relating to your adverse benefit decisions on or before **Monday, April 14, 2025.** I will seek attorney's fees, redress of your wrongful benefit decisions and judicial fines for your non-compliance.

I enclose all my prior requests and authorizations.

Very truly yours,

Roy Dickinson
Enclosures correspondence and attachments of 1/15/25, 2/24/25 and 3/13/25
cc: client w/o enclosures

1408 Winding Ridge Rd.
Norman, Oklahoma 73072

P:(405) 321-3288  F:(405) 973-2204
roydickinson@dickinsonlegal.com

EXHIBIT 4